UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| IGNITE RESTAURANT GROUP, INC., et al | § | CASE NO. 17-33550 (DRJ) |
| | § | |
| DEBTORS, | § | (Jointly Administered) |
| | § | |
| DRIVETRAIN, LLC, as Trustee of the Ignite | § | |
| Restaurant Group GUC Trust, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-03476 |
| | § | |
| LOVE ADVERTISING, INC. | § | |
| | § | |
| DEFENDANT | § | |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND
<u>RECOVERY OF PREFERENTIAL TRANSFERS</u>**

TO THE HONORABLE DAVID R. JONES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Comes now, Love Advertising, Inc., Defendant herein ("Defendant"), and files this Answer

to the Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") filed by

Drivetrain, LLC as the duly appointed Trustee of the Ignite Restaurant Group GUC Trust, the

Plaintiff herein (the "Plaintiff"), and in support thereof, would respectfully show this Court as

follows:

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient information to either admit or deny the allegations

contained in Paragraph 4 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

5.      Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

10.      Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.  Therefore, for pleading purposes, those allegations are denied.

11.      Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.  Therefore, for pleading purposes, those allegations are denied.

12.      Defendant admits that the Debtors conducted ordinary course of business with the Defendant.  Further, Defendant admits that Defendant is a creditor of Joe's Crab Shack and Brick House Tavern. Further, Defendant admits that Debtors received advertising services and paid advertising expenses to various media suppliers.

13.      Defendant incorporates herein by reference its answers to the allegations contained in each preceding paragraph of Plaintiff's Complaint as though fully set forth herein.

14.      Defendant admits that within ninety (90) days prior to the Petition Date, the Debtors

paid $141,469.03 for advertising services and $47,372.61 for media services to third parties.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

18.     Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. For further answer, the transfers noted in the First Claim for Relief were intended to be a contemporaneous exchange for which new value was given and were made in the ordinary course of business between Debtors and Defendant according to the ordinary terms of business between the parties.

20.     Defendant incorporates herein by reference its answers to the allegations contained in each preceding paragraph of Plaintiff's Complaint as though fully set forth herein.

21.     Defendant admits that the various payments described in Paragraph 14 were received and handled in keeping with Debtor's agreement with Defendant. Defendant denies all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint. For further answer, the transfers were made in good faith without knowledge of any expectation of avoidability.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all relief requested in Plaintiff's Complaint be denied; that Plaintiff take nothing; and that Defendant be awarded such other and further relief to which it may be justly entitled.

Dated: June 28, 2019.

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY:     /s/ Richard L. Fuqua
Richard L. Fuqua
State Bar No. 07552300
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277
(713) 960-1064 facsimile

Counsel For Love Advertising, Inc.,
Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, a true and correct copy of the foregoing Answer  was forwarded by regular United States Mail, postage prepaid, and via email to the parties listed below:

Jason S. Pomerantz
Jeffrey P. Nolan
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
jspomerantz@pszjlaw.com
jnolan@pszjlaw.com


Michael D. Warner
Benjamin L. Wallen
COLE SCHOTZ PC
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
mwarner@coleschotz.com
bwallen@coleschotz.com

Counsel for Plaintiff, Drivetrain, LLC as Trustee
of the Ignite Restaurant Group GUC Trust


*/s/ Richard L. Fuqua*
Richard L. Fuqua

-5-